Cite as 2022 Ark. 14

# SUPREME COURT OF ARKANSAS

Opinion Delivered: January 27, 2022

IN RE ARKANSAS SUPREME COURT
COMMITTEE ON CIVIL PRACTICE –
RECOMMENDATIONS TO REVISE
RULE 4-6 OF THE RULES OF THE
SUPREME COURT AND COURT OF
APPEALS OF THE STATE OF
ARKANSAS AND RULE 28 OF THE
RULES OF CIVIL PROCEDURE

AND

BOARD OF CERTIFIED COURT
REPORTER EXAMINERS –
RECOMMENDATION TO REVISE
SECTION 22 OF THE REGULATIONS
OF THE BOARD OF CERTIFIED
COURT REPORTER EXAMINERS

**PER CURIAM**

Today, the court publishes for comment our Committee on Civil Practice's recommendations for amendments to Rule 4-6 of the Rules of the Supreme Court and Court of Appeals, and Rule 28 of the Rules of Civil Procedure. See the Reporter's Note for an explanation of the amendment to Rule 28 of the Rules of Civil Procedure.

Also published for comment is the Board of Certified Court Reporter Examiners' recommendation for amendment to section 22 of the Regulations of the Board of Certified Court Reporter Examiners.

The amendments are set out below in "line-in, line-out fashion"--new material is underlined, and deleted material is lined through.

We solicit your comments.  The deadline for responses is March 31, 2022.  Please submit in writing any comments or suggestions regarding the above-referenced rules to Stacey Pectol, Clerk of the Arkansas Supreme Court and Court of Appeals, 625 Marshall Street, Suite 130, Little Rock, Arkansas 72201.

**RULE 4-6. AMICI CURIAE BRIEFS.**

(a) *Permission required; Scope limited.* Briefs of amici curiae may be filed only with permission of the court, obtained on motion as provided in this rule. The briefs shall be limited to matters in the record on appeal and shall address only the issues raised by the parties at the appellate level. No new issues shall be introduced.

(b) *Motion for permission; How and when filed.* (i) A motion for permission to file an amicus brief shall be filed at any time after the filing of the appellee's brief but no later than the day that the appellant's reply brief is due. It shall not exceed five double-spaced typewritten pages and shall not include a memorandum of authorities but shall otherwise comply with Rule 2-1.

> (ii) The motion shall be accompanied by the proposed amicus brief and shall state whether the brief supports the appellant's or appellee's position or is neutral.

> (iii) The motion shall specify the nature of the movant's interest and set forth with particularity the reasons why the amicus brief is necessary. The motion shall contain the following statement: "The movant has read the briefs of the appellant and appellee, and the amicus brief is necessary to address the following issue(s): _____[list issue(s).]"

(c) *Disclosures.* A brief filed under this rule shall indicate: (i) whether counsel for a party authored the brief in whole or in part, and (ii) whether such counsel or a party made a monetary contribution intended to fund the preparation or submission of the brief or otherwise collaborated in the preparation or submission of the brief. It shall also identify

every person or entity, other than the amicus curiae, its members, or its counsel, who made such monetary contribution to the brief or collaborated in its preparation. These disclosures shall be made in an unnumbered footnote on the first page of the argument section of the brief.

(d) *Oral arguments.* Attorneys for amici curiae will not be permitted to participate in oral arguments.

(e) *Petitions for rehearing.* Attorneys for amici curiae will not be permitted to file a petition for rehearing or to join in the petition of a party.

(f) *Certificate of compliance with Administrative Order No. 19, Administrative Order No. 21(9), and word-count limitations.* Amicus briefs must include a statement that the brief complies with (1) Administrative Order No. 19's requirements concerning confidential information; (2) Administrative Order No. 21, Section 9, which states that briefs shall not contain hyperlinks to external papers or websites; and (3) the word-count limitations identified in subsection (g) of this Rule. The person preparing the certificate may rely on the word count of the word-processing system used to prepare the document. The certificate must state the number of words in the document.

(g) *Word-count limitations.* Amicus briefs shall be no longer than 5,000 words. The cover, the table of contents, the table of authorities, the certificate of service, and the certificate of compliance shall not count against this limitation.


## RULE 28. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN.

(a) *Within this State and Elsewhere in the United States.* Within this state and elsewhere in the United States or within a territory or insular possession subject to the dominion of the United States, depositions shall be taken before an officer authorized to administer oaths by the laws of this State or of the place where the examination is held, or before a person appointed by the court in which the action is pending. A person so appointed has power to administer oaths and take testimony.

(b) *In Foreign States or Countries.* In a foreign state or country, depositions may be taken (1) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (2) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of his commission to administer any necessary oath and take testimony, or (3) pursuant to any

applicable treaty or convention or pursuant to a letter of request, whether or not captioned a letter rogatory. A commission or a letter of request shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter of request that the taking of the deposition in any other manner is impractical or inconvenient, and both a commission and a letter of request may be issued in proper cases. A notice or commission may designate the person before whom the deposition is to be taken either by name or descriptive title. A letter of request may be addressed "To the Appropriate Authority in (name of the country)." When a letter of request or any other device is used pursuant to any applicable treaty or convention, it shall be captioned in the form prescribed by that treaty or convention. Evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript, because the testimony was not taken under oath, or because of any similar departure from the requirements for depositions taken within the United States under these rules.

(c) *For Use in Foreign Countries.* A party desiring to take a deposition or have a document or other thing produced for examination in this state, for use in a judicial proceeding in a foreign country, may produce to a judge of the circuit court in the county where the witness or person in possession of the document or thing to be examined resides or may be found, letter rogatory, appropriately authenticated, authorizing the taking of such deposition or production of such document or thing on notice duly served; whereupon it shall be the duty of the court to issue a subpoena requiring the witness to attend at a specified time and place for examination. In case of failure of the witness to attend or refusal to be sworn or to testify or to produce the document or thing requested, the court may find the witness in contempt.

(d) *Disqualification for Interest.* No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action. Additionally, the officer before whom the deposition is to be taken and the parties, attorneys, or employees shall not:

(1) include the officer on any list of preferred providers of court reporting services after exchanging information and reaching an agreement specifying the prices or other terms upon which future court reporting services will be provided whether or not the services actually are ever ordered; or

(2) take any action to restrict an attorney's choice in the selection of an officer.

Addition to Reporter's Notes, 2022 Amendment:

Subsection (d) has been amended to identify a process that could compromise the neutrality of the officer before whom the deposition is to be taken. Additional language is also found in Section 22 of the Regulations of the Board of Certified Court Reporter Examiners.

## SECTION 22 – REGULATIONS OF THE BOARD OF CERTIFIED COURT REPORTER EXAMINERS

a. The purpose of this rule is to ensure the integrity of the record and to avoid the appearance or potential for deferential treatment of parties to an action. Court reporters serve as officers of the court and both the appearance and existence of impartiality are no less important for officers who take depositions than for judicial officers and other persons whose responsibilities are integral to the administration of justice.

b. The court reporter taking the deposition, or the firm or any other person or entity with whom such court reporter has a principal and agency relationship or is otherwise associated, shall not enter into a contractual or financial agreement, arrangement or relationship for court reporting services, whether written or oral, <u>directly or indirectly</u>, with any attorney, party to an action, insurance company, third-party administrator, <u>including individuals or entities who may ultimately be responsible for payment</u>, or any other person or entity that has a financial interest in an action, which gives the appearance that the impartiality and independence of the court reporter has been compromised. Specific examples of arrangements that are prohibited include ones that:

1. ~~establish rates and terms for court reporting services that extend beyond a single case, action, or proceeding;~~

<u>1.</u> ~~2.~~ include a court reporter on any list of preferred providers of court reporting services after exchanging information and reaching an agreement specifying the prices or other terms upon which future court reporting services will be provided, whether or not the services actually are ever ordered;

<u>2.</u> ~~3.~~ allow the format of the transcript to be manipulated to affect pricing;

<u>3.</u> ~~4.~~ require the court reporter taking the deposition to relinquish control of an original deposition transcript and copies of the transcript before it is certified;

<u>4.</u> ~~5.~~ fail to offer comparable services, in both quality and price, to all parties or otherwise require the court reporter to provide special financial terms or other services that are not offered at the same time and on the same terms to all other parties in the litigation;

<u>5.</u> ~~6.~~ allow the court reporter to communicate directly with a party of interest, other than a *pro se* party, except to provide invoices; ~~and~~

<u>6.</u> ~~7.~~ base the compensation of the court reporter on the outcome or otherwise give the court reporter a financial interest in the action; <u>and</u>

7. prohibit or restrict the discretion of the noticing attorney from using the court reporter of the attorney's choice.

c. These prohibitions do not ~~apply to situations where fees or special services may be negotiated, provided that they are the same for all parties and are negotiated on a case-by-case basis. Also, these prohibitions do not~~ extend to governmental entities or court reporters providing court reporting services to governmental entities.

d. Any violation of these prohibitions shall be enforceable by the court in which the underlying action is pending. Without otherwise limiting the inherent powers and discretion of the court, a deposition taken in violation of these prohibitions shall constitute a violation (disqualification for interest) and be subject to all sanctions for such a violation under the Rules of Civil Procedure. In addition, any court reporter, firm, attorney, or party that willfully violates these prohibitions may be subject to fine or sanction by the court, and a court reporter may be subject to disciplinary proceedings before the Board of Certified Court Reporter Examiners.

e. These rules shall be applicable to all court reporting services provided on or after ~~February 21, 2008~~ [date of adoption].