Cite as 2022 Ark. 100

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| | **Opinion Delivered:** May 12, 2022 |
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CIVIL PRACTICE – ADOPTION OF REVISED RULE 28 OF THE RULES OF CIVIL PROCEDURE<br><br>AND<br><br>BOARD OF CERTIFIED COURT REPORTER EXAMINERS – ADOPTION OF REVISED SECTION 22 OF THE REGULATIONS OF THE BOARD OF CERTIFIED COURT REPORTER EXAMINERS | |

**PER CURIAM**

The Supreme Court Committee on Civil Practice recommended amendment to Rule 28 of the Rules of Civil Procedure. Additionally, the committee recommended amendment to Section 22 of the Regulations of the Board of Certified Court Reporter Examiners. The recommendations were published for comment on January 27, 2022. *See In re Arkansas Supreme Court Committee on Civil Practice – Recommendations to Revise Rule 4-6 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Rule 28 of the Rules of Civ.il Procedure, and Board of Certified Court Reporter Examiners – Recommendation to Revise Section 22 of the Regulations of the Board of Certified Court Reporter Examiners*, 2022 Ark. 14 (per curiam).

Having reviewed all the comments, we adopt and republish the rules as set out below, which shall take effect June 1, 2022.

# RULE 28. PERSONS BEFORE WHOM DEPOSITIONS MAY BE TAKEN.

(a) *Within this State and Elsewhere in the United States*. Within this state and elsewhere in the United States or within a territory or insular possession subject to the dominion of the United States, depositions shall be taken before an officer authorized to administer oaths by the laws of this State or of the place where the examination is held, or before a person appointed by the court in which the action is pending. A person so appointed has power to administer oaths and take testimony.

(b) *In Foreign States or Countries*. In a foreign state or country, depositions may be taken (1) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (2) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of his commission to administer any necessary oath and take testimony, or (3) pursuant to any applicable treaty or convention or pursuant to a letter of request, whether or not captioned a letter rogatory. A commission or a letter of request shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter of request that the taking of the deposition in any other manner is impractical or inconvenient, and both a commission and a letter of request may be issued in proper cases. A notice or commission may designate the person before whom the deposition is to be taken either by name or descriptive title. A letter of request may be addressed "To the Appropriate Authority in (name of the country)." When a letter of request or any other device is used pursuant to any applicable treaty or convention, it shall be captioned in the form prescribed by that treaty or convention. Evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript, because the testimony was not taken under oath, or because of any similar departure from the requirements for depositions taken within the United States under these rules.

(c) *For Use in Foreign Countries*. A party desiring to take a deposition or have a document or other thing produced for examination in this state, for use in a judicial proceeding in a foreign country, may produce to a judge of the circuit court in the county where the witness or person in possession of the document or thing to be examined resides or may be found, letter rogatory, appropriately authenticated, authorizing the taking of such deposition or production of such document or thing on notice duly served; whereupon it shall be the duty of the court to issue a subpoena requiring the witness to attend at a specified time and place for examination. In case of failure of the witness to attend or refusal to be sworn or to testify or to produce the document or thing requested, the court may find the witness in contempt.

(d) *Disqualification for Interest.* No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action. Additionally, the officer before whom the deposition is to be taken and the parties, attorneys, or employees shall not:

       (1) include the officer on any list of preferred providers of court reporting services after exchanging information and reaching an agreement specifying the prices or other terms upon which future court reporting services will be provided whether or not the services actually are ever ordered; or

       (2) take any action to restrict an attorney's choice in the selection of an officer.

**Addition to Reporter's Notes, 2022 Amendment:**

Subsection (d) has been amended to identify a process that could compromise the neutrality of the officer before whom the deposition is to be taken. Additional language is also found in Section 22 of the Regulations of the Board of Certified Court Reporter Examiners.


## SECTION 22 – REGULATIONS OF THE BOARD OF CERTIFIED COURT REPORTER EXAMINERS

a. The purpose of this rule is to ensure the integrity of the record and to avoid the appearance or potential for deferential treatment of parties to an action. Court reporters serve as officers of the court and both the appearance and existence of impartiality are no less important for officers who take depositions than for judicial officers and other persons whose responsibilities are integral to the administration of justice.

b. The court reporter taking the deposition, or the firm or any other person or entity with whom such court reporter has a principal and agency relationship or is otherwise associated, shall not enter into a contractual or financial agreement, arrangement or relationship for court reporting services, whether written or oral, directly or indirectly, with any attorney, party to an action, insurance company, third-party administrator, including individuals or entities who may ultimately be responsible for payment, or any other person or entity that has a financial interest in an action, which gives the appearance that the impartiality and independence of the court reporter has been compromised. Specific examples of arrangements that are prohibited include ones that:

    1. include a court reporter on any list of preferred providers of court reporting services after exchanging information and reaching an agreement specifying

the prices or other terms upon which future court reporting services will be provided, whether or not the services actually are ever ordered;

2. allow the format of the transcript to be manipulated to affect pricing;

3. require the court reporter taking the deposition to relinquish control of an original deposition transcript and copies of the transcript before it is certified;

4. fail to offer comparable services, in both quality and price, to all parties or otherwise require the court reporter to provide special financial terms or other services that are not offered at the same time and on the same terms to all other parties in the litigation;

5. allow the court reporter to communicate directly with a party of interest, other than a *pro se* party, except to provide invoices;

6. base the compensation of the court reporter on the outcome or otherwise give the court reporter a financial interest in the action; and

7. prohibit or restrict the discretion of the noticing attorney from using the court reporter of the attorney's choice.

c. These prohibitions do not extend to governmental entities or court reporters providing court reporting services to governmental entities.

d. Any violation of these prohibitions shall be enforceable by the court in which the underlying action is pending. Without otherwise limiting the inherent powers and discretion of the court, a deposition taken in violation of these prohibitions shall constitute a violation (disqualification for interest) and be subject to all sanctions for such a violation under the Rules of Civil Procedure. In addition, any court reporter, firm, attorney, or party that willfully violates these prohibitions may be subject to fine or sanction by the court, and a court reporter may be subject to disciplinary proceedings before the Board of Certified Court Reporter Examiners.

e. These rules shall be applicable to all court reporting services provided on or after June 1, 2022.