Cite as 2022 Ark. 99

# SUPREME COURT OF ARKANSAS

**Opinion Delivered:** May 12, 2022

IN RE ARKANSAS SUPREME COURT
COMMITTEE ON CIVIL PRACTICE –
ADOPTION OF REVISED RULE 4-6
OF THE RULES OF THE SUPREME
COURT AND COURT OF APPEALS
OF THE STATE OF ARKANSAS

## PER CURIAM

The Supreme Court Committee on Civil Practice recommended amendment to Rule 4-6 of the Rules of the Supreme Court and Court of Appeals. The recommendation was published for comment on January 27, 2022. *See In re Arkansas Supreme Court Committee on Civil Practice – Recommendations to Revise Rule 4-6 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Rule 28 of the Rules of Civil Procedure, and Board of Certified Court Reporter Examiners – Recommendation to Revise Section 22 of the Regulations of the Board of Certified Court Reporter Examiners*, 2022 Ark. 14 (per curiam).

Today, we adopt and republish the rule as set out below, which shall take effect June 1, 2022.

## RULE 4-6. AMICI CURIAE BRIEFS.

(a) *Permission required; Scope limited*. Briefs of amici curiae may be filed only with permission of the court, obtained on motion as provided in this rule. The briefs shall be limited to matters in the record on appeal and shall address only the issues raised by the parties at the appellate level. No new issues shall be introduced.

(b) *Motion for permission; How and when filed.*

(i) A motion for permission to file an amicus brief shall be filed at any time after the filing of the appellee's brief but no later than the day that the appellant's reply brief is due. It shall not exceed five double-spaced typewritten pages and shall not include a memorandum of authorities but shall otherwise comply with Rule 2-1.

(ii) The motion shall be accompanied by the proposed amicus brief and shall state whether the brief supports the appellant's or appellee's position or is neutral.

(iii) The motion shall specify the nature of the movant's interest and set forth with particularity the reasons why the amicus brief is necessary. The motion shall contain the following statement: "The movant has read the briefs of the appellant and appellee, and the amicus brief is necessary to address the following issue(s) _____[list issue(s).]"

(c) *Disclosures.* A brief filed under this rule shall indicate: (i) whether counsel for a party authored the brief in whole or in part, and (ii) whether such counsel or a party made a monetary contribution intended to fund the preparation or submission of the brief or otherwise collaborated in the preparation or submission of the brief. It shall also identify every person or entity, other than the amicus curiae, its members, or its counsel, who made such monetary contribution to the brief or collaborated in its preparation. These disclosures shall be made in an unnumbered footnote on the first page of the argument section of the brief.

(d) *Oral arguments.* Attorneys for amici curiae will not be permitted to participate in oral arguments.

(e) *Petitions for rehearing.* Attorneys for amici curiae will not be permitted to file a petition for rehearing or to join in the petition of a party.

(f) *Certificate of Compliance with Administrative Order No. 19, Administrative Order No. 21 Sec. 9, and with word-count limitations.* Amicus briefs must include a statement that the brief complies with (1) Administrative Order No. 19's requirements concerning confidential information; (2) Administrative Order No. 21, Section 9, which states that briefs shall not contain hyperlinks to external papers or websites, and (3) the word-count limitations identified in subsection (g) of this Rule. The person preparing the certificate may rely on the word count of the word-processing system used to prepare the document. The certificate must state the number of words in the document.

(g) *Word-count limitations.* Amicus briefs shall be no longer than 5,000 words. The cover, the table of contents, the table of authorities, the certificate of service, and the certificate of compliance shall not count against this limitation.